**CONSTRUCTION SERVICES OF SAMOA, INC.,
MORU MANE and SALLIE MANE, Plaintiffs,**

**v.**

**BANK OF HAWAII, TONY'S CONSTRUCTION
and SILA POASA, Defendants.**

High Court of American Samoa
Trial Division

CA No. 21-02

January 28, 2004

Before KRUSE, Chief Justice, LOGOAI, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala`ilima and Marie Lafaele
For Defendant Bank of Hawaii, Roy J.D. Hall, Jr.
For Defendants Tony's Construction and Sila Poasa, Frederick J. O'Brien

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION TO DISMISS

Defendant Sila Poasa ("Sila") moves, pursuant to T.C.R.C.P. 56, for partial summary judgment on the complaint of Plaintiffs Construction Services of Samoa, Inc. ("CSS"), Moru Mane ("Moru") and Sallie Mane ("Sallie") (collectively "Plaintiffs"). Defendant Tony's Construction ("Tony's") moves to dismiss Plaintiffs' complaint against it entirely.[1]

---

[1] We note that Defendant Bank of Hawaii ("BOH") filed a separate motion for summary judgment. We address BOH's motion by separate order.

110

Plaintiffs did not file a response to Defendants' motions. For the reasons stated below, we grant in part Sila's motion for partial summary judgment and deny Tony's motion to dismiss.

## I. Tony's Motion to Dismiss

 Tony's argues that it should be dismissed from the instant litigation because as the alter ego for Sila it can neither sue nor be sued. As an initial matter, Tony's fails to assert under which rule of civil procedure it makes its motion. We can only assume that Tony's is seeking to be dismissed under T.C.R.C.P. 12(b)(6) for failure to state a claim. However, Tony's has filed an answer in this matter and therefore a motion to dismiss under T.C.R.C.P. 12(b)(6) is untimely. Instead, Tony's motion is more properly considered under T.C.R.C.P. 12(c). In deciding a motion for judgment on the pleadings pursuant to T.C.R.C.P. 12(c), the same standard is used as that for determining a motion brought pursuant to T.C.R.C.P. 12(b)(6). *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995).

██ Plaintiffs alleged in their complaint that Tony's is a sole proprietorship doing business in American Samoa. Tony's admitted this allegation in its answer. Tony's argues that because it is Sila's alter ego it should be dismissed. Indeed, Sila, as the owner of Tony's, a sole proprietorship, is liable for its debts. *See Wing Hop Lee, Ltd. v. Soo*, 30 A.S.R.2d 76, 78 (Trial Div. 1996). "[I]n the case of a sole proprietorship, the firm name and the sole proprietor's name are but two names for one person." *Credit Assoc. of Maui, Ltd. v. Carlbom*, 50 P.3d 431, 435 (Haw. Ct. App. 2002) (citations omitted). As such, "[w]here a person engages in business . . . under such name, he may be sued under such name." *Id.* (citations omitted). Accordingly, whether Plaintiffs sue Sila or Tony's, Sila is responsible for any judgment obtained against either entity. Although Plaintiffs cannot receive double recovery by naming both entities, we see no reason to dismiss Tony's.

## II. Sila's Motion for Partial Summary Judgment

██ Sila moves for partial summary judgment with respect to counts six, seven, and nine of Plaintiffs' complaint. Plaintiffs failed to respond to Sila's motion. "[A]lthough a court is not permitted to enter a 'default' summary judgment, if the moving party meets its initial summary judgment burden, it is quite likely that the court will enter a summary judgment in the absence of any opposition." 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.10[3][b] (3d ed. 1999).

 A motion for partial summary adjudication should be considered pursuant to T.C.R.C.P. 56(d). *See, e.g., Wing Hop Lee, Ltd.*, 30 A.S.R.2d at 77. The standard for determining a Rule 56(d) motion is

identical to the standard used for determining a motion brought under Rule 56(c). *Aurelio v. R.I. Dep't of Admin.*, 985 F. Supp. 48, 53 (D. R.I. 1997).

■ Summary judgment is appropriate when the pleadings and other supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56(c). The party seeking summary judgment bears the burden of showing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Accordingly, we look to whether Sila met his burden.

## A. Count 6 – Conversion

Sila argues that he purchased an excavator from BOH after BOH repossessed the excavator following Plaintiffs' default on a loan. Sila was a guarantor on the loan. Sila argues that he is not liable for conversion because he acquired the excavator through a lawful purchase. Sila makes his argument with no citation to any law or facts; however, he does refer this Court to "the pleadings and documents on file." A review of the pleadings and documents demonstrates that there is a factual dispute as to whether Sila purchased the excavator from BOH or whether he redeemed it as the guarantor of the loan. This factual determination may affect Sila's liability on this count. As such, we decline to grant Sila summary judgment on count six.

## B. Count 7 – Tortious Interference

Sila also seeks summary judgment on count seven of Plaintiffs' complaint, which alleges that Sila tortiously interfered with the security agreement between CSS and BOH "by taking possession of the repossessed excavator and attachments with knowledge that BOH was obligated to return the equipment to CSS under the Security Agreement upon his discharging the debt as guarantor." (Compl. ¶ 77.) The complaint also alleges that Sila had knowledge that under the terms of the security agreement "three bids were to be obtained for the collateral if the collateral were to be put up for sale." (*Id.* ¶ 75.)

■ There are four elements to a claim of tortious interference with contractual relations:

> (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of a breach of the contract by the third party; and (4) damages caused by the breach.

*Standard Dyeing & Finishing Co. v. Arma Textile Printers Corp.*, No. 85 Civ. 5399 (BN), 1991 WL 49782, *11 (S.D.N.Y. March 25, 1991); *see also* RESTATEMENT (SECOND) OF TORTS § 766 (1979).

Sila argues that under the security agreement the bank was under no obligation to refrain from selling the excavator to him. We agree. Nothing in the language of the security agreement prevents BOH from selling the excavator to Sila. Contrary to Plaintiffs' allegation that the security agreement precludes sale to Sila, section J.4 of the agreement permits such a sale. (*See* Security Agreement/Chattel Mortgage ¶ J.4 ("After repossessing, [BOH] may obtain three bids for any Collateral . . . and sell such Collateral for cash or credit at the highest bid price . . .).) [BOH is] not restricted, however, from using other sale procedures or selling to persons other than those described above.").

Additionally, if Sila is found to have redeemed the collateral as a guarantor, he still would not be liable on this count. Plaintiffs' allegation that BOH had to return the excavator to CSS after Sila fulfilled its loan obligations as the guarantor is simply wrong. There is no language to this effect in the security agreement nor does the law support this allegation. (*See* Security Agreement/Chattel Mortgage *passim*.) *See also, e.g.,* HAW. REV. STAT. ANN. §§ 490:9-618; 9-623 (West 2004). As such, we grant Sila's motion for summary judgment on this claim.

## C. Count 9 - Intentional Infliction of Emotional Distress

Sila seeks partial summary judgment with respect to part of Plaintiffs' claim for the intentional infliction of emotional distress ("IIED"). Plaintiffs allege that Sila caused them "extreme emotional distress" by both his wrongful acquisition of the excavator and by his use of police officers to enter Plaintiffs' property and harass them. Sila seeks summary judgment arguing that his acquisition of the excavator was not the sort of conduct necessary for a claim of IIED and that he did not intend to cause the Manes emotional distress by taking possession of the excavator.

We agree with Sila that the alleged conduct falls short of what is required for a claim of IIED. In an IIED case, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability." RESTATEMENT (SECOND) OF TORTS § 46 (1965). Sila's acquisition of the excavator after BOH's repossession, whether by sale or by redemption, was not extreme or outrageous conduct. Moreover, Plaintiffs have offered no evidence (nor did we locate any in the record) that Sila intended to cause them emotional distress by acquiring the excavator. Accordingly, we grant Sila partial summary judgment on this claim.

113

## Order

1. Defendant Tony's Construction's motion to dismiss is denied.

2. Defendant Sila Poasa's motion for partial summary judgment is granted in part and denied in part. Sila Poasa's motion for summary judgment on count six is denied. Sila Poasa is entitled to summary judgment on count seven of Plaintiffs' complaint. Sila Poasa is also entitled to partial summary judgment on count nine of Plaintiffs' complaint regarding his acquisition of the excavator.

It is so ordered.